**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RON LESLIE, )<br>)<br>Plaintiff, )<br>)<br>– vs – )<br>)<br>CREDENCE RESOURCE )<br>MANAGEMENT, LLC, )<br>)<br>Defendant. )<br>) | PLAINTIFF'S COMPLAINT AND<br>DEMAND FOR JURY TRIAL<br><br>Case No.: _____ |

**COMPLAINT**

NOW COMES Plaintiff, KYRON LESLIE ("Plaintiff"), through his undersigned counsel, hereby submits his Complaint and alleges the following against Defendant, CREDENCE RESOURCE MANAGMENT, LLC ("CRM").

**Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq,* and the Georgia Fair Business Protection Act ("GFBPA") O.C.G.A. § 10-1-390 *et seq*.

- 1 -

PLAINTIFF'S COMPLAINT

**Parties**

2. Plaintiff is a natural person residing in Atlanta, Georgia and is otherwise *sui juris*. He is a "consumer" as defined by 15 U.S.C. § 227.

3. Defendant CRM is a self-proclaimed debt collections agency headquartered in Dallas, Texas.

4. On information and belief, Defendant CRM is a limited liability company who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies" regarding its transactions or experiences with "consumers".

5. On information and belief, this includes consumer reporting agencies such as Experian Information Solutions, Inc ("Experian"), TransUnion, LLC ("TransUnion") and Equifax, LLC ("Equifax").

6. Although Experian, Equifax, and TransUnion are not parties to this lawsuit, they are nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

7. Equifax, Experian, and TransUnion regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

### Jurisdiction and Venue

8. Defendant conducts business in Georgia and therefore personal jurisdiction is established.

9. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Venue is proper in the United States District Court Northern District of Georgia pursuant to 28 U.S.C § 1391b(2) because a substantial part of the events or omissions giving rise to the claim occurred within this Court's judicial district.

### Factual Allegations

11. On or around October 2017, Plaintiff received notice from Equifax that his personal information was utilized as a result of the 2017 Equifax data breach.

12. On or around December 2017, Plaintiff was the victim of a robbery which resulted in laptop computers and external hard drives containing Plaintiff's personal identification information being stolen from Plaintiff's home.

13. On or around December 2019, Plaintiff was the victim of a second robbery

PLAINTIFF'S COMPLAINT

which resulted in multiple laptops and external hard drives containing Plaintiff's personal identification information being stolen from Plaintiff's home.

14. On or around March 2019, Plaintiff began to receive notices from Merrick Bank stating his information had been compromised during the 2017 Equifax data breach and other means of identity theft.

15. Upon information and belief, Plaintiff has no such financial obligation to CRM.

16. Subsequently, Plaintiff began receiving phone calls from CRM attempting to collect a debt.

17. Upon information and belief based on the volume, frequency and timing of the calls and Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system

18. Plaintiff received no less than about 173 continuous and repeated phone calls from CRM placed from (762-800-1282), et al, in an attempt to collect the debt they allege that he owes.

19. On every call answered by Plaintiff, Plaintiff experienced a delay after answering the call and/or Plaintiff could hear clicking/beeping noises coming through the phone prior to being connected with an automated voice if

Plaintiff didn't hang up before the voice was connected to the phone, while other calls from Defendant's number were ignored.

20. Upon answering the phone calls received from CRM, Plaintiff heard automatic messages in a computer-generated voice generally saying "Please hold while we connect you to our operator" and/or "This is CRM attempting to collect a debt from Kyron Leslie"

21. Defendant placed collection calls to Plaintiff from phone numbers including but not limited to, 762-800-1282, 762-800-1252, 762-585-2132, 833-584-1350, 385-218-3361, 208-314-5638, 833-648-0603, and 562-317-7820.

22. Defendant used an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, KYRON LESLIE.

23. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

24. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. Defendant never received, Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded

voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

26. Plaintiff made several attempts to notify and request CRM verify the information on the account they allege is his. CRM declined to respond to requests to verify the information connected to the account.

27. Despite Plaintiff's attempts to communicate to CRM that he was the victim of Identity Theft and did not owe a debt to CRM, Defendant still refused to respond or commence a reasonable investigation to verify the debt CRM attempted to collect.

28. This information is incorrect and has become a source of great embarrassment and inconvenience to the Plaintiff's financial status.

29. Therefore, CRM being notified of the incorrect debt collections information subsequently and willingly failed to conduct a genuine investigation into Plaintiff's disputes, review all relevant information provided to it, and continued to relentlessly target Plaintiff in its debt collection activities and operations.

30. As a result of this conduct, action, and inaction of CRM, Plaintiff suffered damage by loss of enjoyment, embarrassment, and mental and emotional distress.

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

32. The foregoing acts and omission of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every above cited provision of 47 U.S.C. § 227 *et seq*.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff is also entitled to seek injunctive relief prohibiting such in the future.

# SECOND CAUSE OF ACTION
# KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 et. seq.

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

36. The foregoing acts and omission of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one above cited provisions of 47

1. U.S.C. § 227 *et seq*.

37. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38. Plaintiff is also entitled to seek injunctive relief prohibiting such in the future.

### THIRD CAUSE OF ACTION
### DEFENDANT CRM VIOLATED GFBPA O.C.G.A. § 10-1-393

39. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for the above at Paragraph 1-38.

40. Defendant CRM's violated § 10-1-393 by using unfair or deceptive acts or practices to cause actual confusion or actual misunderstanding as to the source, approval, or certification of the alleged debt;

### FOURTH CAUSE OF ACTION
### DEFENDANT CRM VIOLATED FDCPA 15 U.S.C.§ 1692 *et seq*.

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraph 1-40.

42. Defendant CRM's violations of FDCPA include, but are not limited to the following:

a. Defendant violated § 1692d of the FDCPA by causing Plaintiff's telephone to ring continuously and repeatedly with intent to annoy, abuse and harass, the Plaintiff;

b. Defendant violated § 1692g(a) of the FDCPA by failing to send required consumer notice within five (5) days of initial communication with Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

43. Statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (about 173 violations), $86,500.00;

44. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

45. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (about 173 violations), $259,500.00;

46. Actual damages and compensatory damages according to proof at time of trial;

PLAINTIFF'S COMPLAINT

## THIRD CAUSE OF ACTION

47. For actual, compensatory, and treble damages in an amount to be determined at trial, plus pre-judgment interest at the maximum rate allowable by Georgia law.

## FOURTH CAUSE OF ACTION

48. For statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

49. Awarding such other and further relief may be just, proper and equitable.

## **JURY TRIAL DEMAND**

50. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: January 8, 2021

By: *Harold L. Johnson*
Harold L. Johnson
GA Bar No. 940538
WAKHISI-DOUGLAS LLC
2002 Summit Blvd – Suite 3000
Atlanta, GA 30319
T: (404) 566-2320
F: (866) 566-1232
E: hljohnson@wd-law.net

PLAINTIFF'S COMPLAINT